CORBETT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-513-CR

TIMOTHY PATRICK CORBETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

A jury convicted Appellant Timothy Patrick Corbett of driving while intoxicated, and  the trial court fined him $1,000 and assessed punishment at seventy-five days’ confinement.  In three issues, Corbett argues that the evidence was factually insufficient to support the verdict and that the trial court erred by admitting evidence contained on a videotape after Corbett had refused to waive his 
Miranda
 rights.  

II. Factual Sufficiency

In his first issue, Corbett argues that the evidence was factually insufficient to support the verdict.  We disagree.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.  
In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits the offense of driving while intoxicated if he operates a vehicle while intoxicated in a public place.  
Tex. Penal Code Ann
. § 49.04(a) (Vernon 2003).  “Intoxicated” is defined as (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a
 
controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body or (B) having an alcohol concentration of 0.08 or more. 
 Id
. § 49.01(2)(A)-(B).  A witness does not have to be an expert to testify that a person he observes is intoxicated by alcohol; therefore, lay opinion testimony by a police officer that a person is intoxicated is probative evidence that a person was “drunk.”  
Henderson v. State
, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).  

The following evidence was presented at trial.  On March 23, 2002, a motorist flagged down Detective D. Gray of the Benbrook Police  Department while he was in his patrol car.  The motorist told Gray that a black BMW sped by him on the freeway and almost hit him and another vehicle.  He and his passenger believed that the person driving may have been intoxicated, so they followed the BMW until they saw Gray.  Gray then pursued the BMW and pulled the driver over when he failed to signal on a left turn.  When Gray approached the vehicle, he noticed that Corbett’s eyes were heavy, watered, and bloodshot.  Corbett explained that his eyes were heavy and watered because he had just come back from a trip to Japan.  Gray also detected a slight odor of alcohol coming from Corbett and noticed Corbett’s speech was slurred.  Gray requested that Corbett perform the nine-step walk-and-turn test, but Corbett refused to do so without his attorney present.  As a result, Gray arrested Corbett for suspected DWI.  Officer William Beverly, a Benbrook police officer who responded to the scene in order to assist Gray, also smelled alcohol coming from Corbett. 

Following his arrest, Gray transported Corbett to the city jail and placed him in a room with a video camera to record his demeanor during the booking process.  While being videotaped, Gray advised Corbett of his 
Miranda
(footnote: 2) rights, and Corbett replied that he was not willing to waive them.  Gray advised Corbett that he needed to ask him some medical questions.  Despite Corbett’s refusal to waive his 
Miranda
 rights, Gray subsequently asked Corbett whether he had consumed any alcoholic beverages.  Corbett replied that he had consumed three drinks. 

On cross-examination, Gray admitted that other than seeing Corbett swaying, he did not observe Corbett acting drunk.  He also admitted that Corbett’s failure to signal a left turn was the only driving violation that he observed.

Here, the evidence was factually sufficient to support Corbett’s conviction.  While Corbett’s trip to Japan five days earlier may have explained some of his physical maladies, it does not explain the odor of alcohol on his breath, his refusal to submit to three different intoxication tests, or his admission that he drank three beers before driving.
(footnote: 3)  Thus, viewing all the evidence in a neutral light, favoring neither party, we conclude that the evidence supporting the verdict, taken alone, is not too weak to support the finding of guilt beyond a reasonable doubt and that the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
Dotson v. State
, 146 S.W.3d 285, 295 (Tex. App.—Fort Worth 2004, pet. ref’d).  We overrule Corbett’s first issue.

III. Admission of the Videotape

In Corbett’s second and third issues, he argues that the trial court abused its discretion by admitting the audio portion of his videotaped 
Miranda
 waiver refusal and the audio portion of his responses to police questioning after Corbett asserted his right to remain silent.  Specifically, he argues that the errors violated his Fifth Amendment privilege against self-incrimination. 

The State initially sought to introduce into evidence the portion of the

videotape that showed Gray giving Corbett a phone book and an opportunity to call his attorney.  When the State attempted to introduce that part of the tape into evidence, the following exchange occurred:

[Prosecutor]: Okay.  At this time I’d like to offer into evidence State’s Exhibit 2.

[Defense Counsel]: Just to clarify, Officer, have you watched that tape since you wrote information on there? Did you watch it --

[Detective Gray]: Today.

. . . . 

[Defense Counsel]: Okay.  And that’s the same tape?

[Detective Gray]: Yes, sir. Yes, sir.

[Defense Counsel]: Okay.  Then we have no objection at this time.

[Trial Court]: State’s Exhibit 2 is admitted.

. . . .

[Prosecutor]: For judicial economy, I’m going to fast forward the tape, if that’s okay.

. . . .

[Prosecutor]: . . . . And can you tell the jury the part of the tape that we’re fast forwarding on?

[Detective Gray]: Basically the part of the tape that we’ve gone -- fast forwarded through is standard booking procedures that the department and State requires, in that some questions are medical questions that I’m required to ask simply for medical reasons, and going through that.

[Prosecutor]: And did you ask the defendant --

[Defense Counsel]: Your Honor --Your Honor, we object to this portion of the tape at this time.  We’d like to take a matter up outside the presence of the jury. 

[Trial Court]: All right.  Earlier you said you had no objection to the tape and it was --

[Defense Counsel]: Well, to this point --

[Trial Court]: And it was admitted based on that.  So you have --now have an objection?

[Defense Counsel]: I would have an objection to this part of the tape as not being the part of the tape that they predicated to the Court, the jury, and defense, showing them his immediate bringing to the police station and his attempted field sobriety tests.  This is the initial part, which is testimonial in nature.  He’s invoked his Miranda right.  It is against his Constitutional rights to -- to be heard after he’s invoked Miranda, which he’s done so far.  So it’s a Miranda violation to -- to play this for the jury, or anybody else.

 . . . .

[Trial Court]: . . . So you’re objecting to the part of the tape where they show him using the phone or not using the phone, right?

[Defense Counsel]: Correct, after he’s already invoked Miranda and to not talk to the officers anymore.  

[Trial Court]: I’ll overrule your objection.

. . . .

[Prosecutor]: . . . . I can just queue it up so when they come in -- 

. . . .

[Defense Counsel]: Well then, Your Honor, we  -- we’d like them to play the whole tape under the rule of optional completeness, 107.  

[Trial Court]: Y’all have the opportunity to do that if you want to.  

[Defense Counsel]: Okay.

. . . .  

[Prosecutor]: -- do you want the whole tape -- or just play the whole tape now or would you like to --

[Defense Counsel]: You can pick it back up from where he -- where he invokes Miranda, and then we’ll just play it from there.

Included in the videotape, which Corbett had caused to be introduced into evidence, was Corbett’s statement refusing to waive his 
Miranda
 rights and his response to Gray’s question regarding whether Corbett had consumed any alcohol that evening. 

Corbett argues that 
Miranda
 requires police questioning to cease when a suspect indicates a desire to consult with an attorney or to remain silent.  He also asserts that it is error for a trial court to admit videotape evidence depicting an accused exercising his constitutional rights. 

However in this case, Corbett himself offered this evidence before the jury.  When an accused in a criminal case offers before the jury the same evidence as that to which he later objects, he is in no position to complain on appeal.  
Withers v. State
, 642 S.W.2d 486, 487 (Tex. Crim. App. 1982); 
see also Colburn v. State
, 501 S.W.2d 680, 682 (Tex. Crim. App. 1973) (holding appellant could not complain of the introduction of an index card into evidence when his counsel first offered the card in evidence).  By entering into evidence the entire videotape, including the portion taped after Corbett refused to waive his 
Miranda
 rights, Corbett introduced the evidence of the statements that he made while in custody at the police station.  Thus, he may not now complain on appeal that the trial court abused its discretion by  admitting the audio portions of the videotape.  Accordingly, we overrule Corbett’s second and third issues. 

IV. Conclusion

Having overruled all of Corbett’s issues, we affirm the judgment of the trial court.

BOB MCCOY

JUSTICE

PANEL A: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
See
 
Miranda v. Arizona, 
396 U.S. 868, 90 S. Ct. 140 (1969).

3:
Corbett stated that he would not submit to a walk-and-turn test, a field sobriety test, and a breath test until his attorney was present.